IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BENNIE FRANK WITHROW, IV,

    Defendant.

Case No. 22-CR-109-GKF

**OPINION AND ORDER**

Before the court is the defendant's Motion to Preclude Testimony of Witness or for Competency Examination of Witness. [Doc. 67]. The court has considered plaintiff's response [Doc. 87], the defendant's subsequent brief [Doc. 100],[1] and arguments of counsel made at the pretrial conference. For the reasons set forth below, the motion is conditionally granted as to the witness's prior testimonial statements to the police and to the grand jury. In addition, in the event the plaintiff wishes to call the witness to testify at trial, the court shall conduct a hearing to determine whether the witness's memory has been so impaired as to effectively deprive the defendant of his Sixth Amendment right to confront the witness against him.

On April 19, 2022, a grand jury returned an Indictment charging Mr. Withrow with one count of first-degree murder in Indian Country, in violation of 18 U.S.C. §§ 1151, 1152, and 1111; and one count of Carrying, Using, Brandishing and Discharging a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). [Doc. 2].

---

[1] Although the court struck defendant's Motion in Limine as untimely, it has considered the substantive arguments contained in his brief.

Marissa Slabby was the girlfriend of the victim in this case. She made statements to the police and testified before the grand jury in February 2022. [Doc. 87, p. 1]. In 2022, she reportedly suffered a ruptured brain aneurysm that severely damaged the part of her brain affecting her memory.[2] The defense has spoken with Ms. Slabby, who is currently residing at Countryside Estates Nursing Center in Warner, Oklahoma. The defense represents that Ms. Slabby has no recollection of events pertaining to this trial, and that providers at the nursing home have said that Ms. Slabby does not have the ability to testify at trial due to her "persistent memory issues and limited recollections." [Doc. 67, p. 2]. It contends that any information Ms. Slabby has about this case was passed to her through recent communications with the FBI, and that, to protect defendant's Sixth Amendment right to confront and cross-examine witnesses, the court must "preclude or carefully screen [Ms. Slabby] and her testimony." *Id.*

Plaintiff asserts that Ms. Slabby is competent to testify at trial. It argues that admission of her prior out-of-court statements to police and to the grand jury would not violate the Confrontation Clause, and that her prior statements are admissible pursuant to the hearsay exception contained in Federal Rule of Evidence 803(5).

The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." In *Crawford v. Washington*, 541 U.S. 43 (2004), the U.S. Supreme Court held that the Confrontation Clause bars out-of-court testimonial statements by witnesses, unless the witnesses are unavailable and defendants had a prior opportunity to cross-examine the witnesses, regardless of whether such statements are deemed reliable by the trial court. *Id.* at 68. *Crawford* makes clear

---

[2] The defense asserts Ms. Slabby had the stroke in August 2022 [Docs. 67, p. 2 and 100, p. 2]; the plaintiff says the stroke occurred in April of 2022 [Doc. 87, p. 1].

that statements taken by police officers in the course of interrogations are testimonial, even under a narrow definition of "testimonial" statements. *Id.* at 52. The term also applies to prior testimony before a grand jury. *Id.* at 68. In this case, the defense did not have opportunities to cross-examine Ms. Slabby in connection with her prior testimonial statements to the police and to the grand jury.

The plaintiff states that Ms. Slabby plans to testify at trial. However, the plaintiff "anticipates that [Ms. Slabby] will be unable to testify about the substance of her prior statements, due to her brain injury and resulting memory loss," and therefore asks that her prior testimonial statements be read into the record as part of her testimony, under Federal Rule of Evidence 803(5). But to do so would run afoul of the defendant's Sixth Amendment rights as recognized in *Crawford*. Those prior testimonial statements, therefore, may not be presented to the jury under the hearsay exception contained in Rule 803(5), even if those statements are deemed to be reliable.

As mentioned above, the plaintiff states it plans to call Ms. Slabby as a witness at trial, though it would be understandable if it does not, insofar as plaintiff anticipates Ms. Slabby will be unable to testify about the substance of her prior statements. In the event the plaintiff decides to call Ms. Slabby to testify at trial, the court shall conduct a hearing to determine whether her memory has been so impaired as to effectively deprive the defendant of his Sixth Amendment right to confront the witness against him.

WHEREFORE, defendant's Motion to Preclude Testimony of Witness or for Competency Examination of Witness [Doc. 67] is conditionally granted with respect to the witness's prior testimonial statements to the police and to the grand jury. In addition, in the event the plaintiff decides to call Ms. Slabby to testify at trial, the court shall conduct a hearing to determine whether her memory has been so impaired as to effectively deprive the defendant of his Sixth Amendment right to confront the witness against him. If the court conducts such a hearing and finds that Ms.

Slabby's memory is not so impaired as to effectively deprive the defendant of his Sixth Amendment right to confront the witness against him, the court may reconsider the issue of Ms. Slabby's prior testimonial statements to the police and to the grand jury.

IT IS SO ORDERED this 14th day of July 2023.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma